UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CURTIS EDWARDS, | Case No. 1:07-cv-848 |
| Plaintiff, | HONORABLE PAUL L. MALONEY |
| v. | Magistrate Judge Carmody |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**OPINION and ORDER**

**Denying without Prejudice the Plaintiff's Motion for Non-EAJA Attorney Fees;
Directing the Defendant to Pay Previously-Awarded EAJA Fees**

By opinion and order issued September 26, 2008, this court adopted the Magistrate Judge's R&R and entered judgment in favor of the plaintiff, holding that he is entitled to the payment of Social Security Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). The court reversed the Commissioner's denial of benefits and remanded to the Commissioner for payment of $23,017.64 in such benefits.

On November 10, 2008, Edwards filed an unopposed motion for an award of $3,700.00 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). By order issued November 24, 2008, this court granted the motion and directed the federal government (the Social Security Administration) to pay $3,700 in EAJA attorney fees to Edwards' counsel.

On December 22, 2008, however, Edwards filed a second motion for attorneys' fees

[document #23].  Edwards' second motion states, in pertinent part,

> 3.  Plaintiff and his attorney have an attorney fee agreement for a contingent 25% of past due benefits, and plaintiff's attorney has been informed by the local office of the Social Security Administration that he must file an application for attorney fees with this Court even though he has not been paid the $5,300 fee (before the user fee) which normally would be his initial fee in such cases.  Plaintiff's attorney frankly does not understand why he must petition this Court under these circumstances, and since (according to the attached Award Sheets) plaintiff only recovered $23,017.64 in past due benefits, his attorney would be perfectly content with the normal fee of $5,300.00, as he has already been granted $3,700.00 in Equal Access to Justice [Act] (EAJA) fees in this case.
>
> Under these circumstances, Plaintiff's counsel does not see a need to petition for fees pursuant to 42 U.S.C. § 406(b)[1], but he would request that this court consider his fee petition under whatever statute is appropriate [sic].  A copy of the fee agreement between Plaintiff and his attorney dated June 20, 2003 is attached to this pleading.
>
> 4.  Plaintiff has been awarded $23,017.64 in past due [SSI] benefits according to the attached Award Sheets dated November 10 and 11, 2008.  Neither one mentions whether any money has been specifically withheld for attorney fees, although Plaintiff's attorney assumes that money has been withheld for his fee.  Plaintiff's attorney has received no money for any fees as of the date of this filing, although his request for an award of EAJA fees has been approved by this Court.
>
> 5.  This Court has previously awarded attorney fees to Plaintiff's attorney pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), in the amount of $3,700.00.  Approval of a fee pursuant to 42 U.S.C. § 406(b) (*if it in fact applies in*

---

[1]

Title 42 U.S.C. § 406(b) "covers only attorneys whose clients bring successful claims under Title II of the Social Security Act," *Napier v. SSA*, 190 F. App'x 458, 459-60 (6th Cir. 2006) (Merritt, Gibbons, D.J. O'Meara) (citing 42 U.S.C. § 406(b)(1)(A)).

"Section 406(b)(1) provides that, for work done in a judicial proceeding, a court may a prevailing claimant's attorney a reasonable fee not in excess of 25 percent of past due benefits recovered by the claimant."  *Horenstein v. HHS*, 35 F.3d 261, 262 (6th Cir. 1994) (*en banc*).

The court is authorized to award § 406(b) fees only for the work that the prevailing counsel did in that court, not for work done before an agency.  *Morrison v. SSA*, 2008 WL 828863, *2 (W.D. Mich. Mar. 26, 2008) (Quist, J.) (citing *Horenstein*, 35 F.3d at 262 (*en banc*)).

For further discussion of the standard governing § 406(b)(1) fee applications, *see, e.g., Howard v. Astrue*, 2009 WL 197877, *1-3 (E.D. Ky. Jan. 26, 2009) (Jennifer Coffman, C.J.).

> *this case*) and the EAJA present somewhat different issues.  The EAJA, for example, contains a limit on the hourly rate of attorney fees while 42 U.S.C. § 406(b) does not.
>
> It is not inconsistent for a court to award a reasonable contingent fee of 25% of past due benefits as the attorney fee pursuant to 42 U.S.C. § 406(b) and for the court to determine that the federal government must reimburse plaintiff for part of these fees by calculating a fee at an hourly rate pursuant to the EAJA.
>
> When fees are awarded pursuant to 42 U.S.C. § 406(b) and the EAJA, an attorney is now allowed to keep both fees.  The 1985 amendment to the EAJA provided that if fees are awarded to an attorney under both statutes, the attorney must refund to the plaintiff the amount of the smaller fee.  See section 3 of Public Law 99-80.  [*Accord Fruitt v. Astrue*, 2008 WL 5273968, *2 (W.D. Okla. Dec. 16, 2008) (citing *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986))].  If I am awarded attorney fees under both statutes, I will follow this provision; however, I do not believe that this fee request falls under 42 U.S.C. § 406(b), and I would simply request that this honorable Court award me a fee of $5,300.00, after which I would then waive any potential claim under 42 U.S.C. § 406(b).

Edwards' Second Motion for Attorneys Fees, Affidavit of James R. Rinck, Esq., dated December 22, 2008 ("Rinck Aff") ¶¶ 3-5 (some paragraph breaks added).

**The court will not entertain the defendant's motion at this time, because the plaintiff did not make adequate efforts to obtain the concurrence of opposing counsel before filing the motion.**  Plaintiff's motion states only,

> Plaintiff's attorney was not able to speak with opposing counsel today about this motion, as opposing counsel was on vacation – he did leave him a message. However, under these circumstances, Plaintiff's counsel doubts that there would be any objection to this motion.

Motion for Non-EAJA Attorney Fees at 2 ¶ 5.  W.D. MICH. LCIVR 7.1(d), entitled Attempt to Obtain Concurrence, provides:

> *With respect to all motions, the moving party shall ascertain whether the motion shall be opposed.*  In addition, in the case of all discovery motions . . . .  *All motions shall affirmatively state the efforts of the moving party to comply with the obligation created by this rule.*

Emphasis added. "The importance of the communication required by this rule . . . cannot be overstated." *Woodhull v. Kent Cty.*, 2006 WL 708662, *1 (W.D. Mich. Mar. 21, 2006) (Miles, J.).

"The remedy for failure to seek concurrence under the Local Rule 7.1(d) is denial of the motion without prejudice . . . ." *Piers v. Higgs*, 2009 WL 210997, *2 (W.D. Mich. Jan. 27, 2009) (Maloney, C.J.) (citing *Yetman v. CSX Transp., Inc.*, 2009 WL 35351, *1 (W.D. Mich. Jan. 6, 2009) (Maloney, C.J.)). *See, e.g., Aslani v. Sparrow Health Sys.*, 2008 WL 4642617 (W.D. Mich. Oct. 20, 2008) (Maloney, C.J.) (denying motion without prejudice for failure to comply with LCivR 7.1(d)); *Kim v. USDOL*, 2007 WL 4284893, *1 (W.D. Mich. Dec. 4, 2007) (Brenneman, M.J.) ("[T]he court properly denied plaintiff's motion for judgment on the pleadings because he failed to seek concurrence under the local court rule, W.D. MICH. LCIVR 7.1(d) . . . .").[2]

It is not only a *complete* lack of effort to obtain concurrence that violates the Rule. Failing to afford the opposing party a reasonable period of time to respond to the concurrence request also does not constitute full compliance with the rule. *See, e.g., Powers v. Thomas M. Cooley Law School*, 2006 WL 2711512, *3 (W.D. Mich. Sept. 27, 2006), where Magistrate Judge Scoville emphatically admonished a party for failing to follow another provision of this same local rule:

> The court notes at the outset the perfunctory and insouciant effort by plaintiff's counsel to comply with the mandatory requirements of Rule 37(a) and the Local

---

[2]

*Cf. Deuel v. Law Offices of Timothy E. Baxter & Assocs., PC*, 2008 WL 482850, *1 (W.D. Mich. Feb. 19, 2008) (Brenneman, M.J.) (denying defendant's motion for a more definite statement because it "failed to affirmatively state the efforts it made to ascertain whether the motion would be opposed" and failed to file a supporting brief, violating W.D. MICH. LCIVR 7.1(d) and 7(a));

*Silver v. Giles*, 2007 WL 2219355, *1 n.1 (W.D. Mich. July 27, 2007) (Miles, J.) ("In addition to failing to supply a supporting brief, plaintiff's motion failed to contain the affirmative statement of attempt to obtain concurrence required by Local Rule 7.1(d). Plaintiff is hereby notified that any future motions filed without full compliance with these requirements will be stricken.").

> Rules of this court.  * * *  The Local Rules of this court specifically require that in the case of discovery motions, counsel "shall confer in person or by telephone in a good-faith effort to resolve each specific discovery dispute."
>
> Plaintiff's motion indicates that on September 18, 2006, plaintiff's counsel sent defense counsel a fax concerning the proposed motion.  At 2:34 p.m. on the same day, plaintiff's counsel called the office of defense counsel and was informed that defense counsel was not in the office.  Plaintiff left a voicemail and then filed his motion without speaking to defense counsel.  According to the court's CM/ECF system, the motion was filed at 4:23 p.m. the same day.
>
> Plaintiff's counsel therefore allowed defense counsel less than one business day in which to react to the issue, clearly an unreasonable time.  Plaintiff's counsel has displayed impatience and not a "good-faith effort to resolve each specific discovery dispute", as required by this court's local rules.  This failure, in and of itself, is grounds for denial of the motion and imposition of sanctions.

*Id.* at *3 (record citations omitted, paragraph breaks added).  Likewise, it was not an adequate effort for counsel here to leave a message (presumably a voicemail) with opposing counsel, knowing that opposing counsel was on vacation, and then nonetheless file the motion later that same day.

Finally, this is not a case where the non-compliant movant seeks to dismiss a complaint on a ground that cannot be waived or forfeited, such as lack of subject-matter jurisdiction.  The court might exercise discretion not to strike a motion for counsel's failure to timely comply with a "technical" local rule before filing.  *Contrast CMS North America, Inc. v. DeLorenzo Marble & Tire, Inc.*, 521 F. Supp.2d 619, 631-32 (W.D. Mich. 2007) (Maloney, J.) ("It appears that CMS violated our Local Civil Rule 7.1(d) by failing to consult opposing counsel before filing its remand motion.  Nonetheless, the court rejects DeLorenzo's suggestion that such a violation can justify ignoring the absence of subject-matter jurisdiction.  While the requirement that a court have *personal* jurisdiction is a due process right that can be waived either explicitly or implicitly, *subject-matter* jurisdiction is not subject to waiver or forfeiture.") (citations and internal quotation marks omitted).

5

If Edwards' counsel elects to file a renewed second motion for attorney fees after fully complying with W.D. Mich. LCivR 7.1(d), counsel is advised that the motion must unambiguously specify the statutory or other basis or bases for this second fee request.

To the extent that Edwards' counsel seeks to enforce his fee agreement with Edwards, i.e., to compel Edwards to pay the contingent fee promised, he may do so by filing a separate civil action against his client for breach of contract in this court (if diversity criteria are satisfied) or in an appropriate state court.

## ORDER

The plaintiff's second motion for attorney fees [document #23] is **DENIED without prejudice** for failure to comply with W.D. Mich. LCivR 7.1(d).[3]

**No later than Friday, March 27, 2009, the defendant SHALL FILE** proof that it has paid the $3,700.00 in EAJA fees that were awarded by this court's November 24, 2008 order.

---

[3]

In any event, it may be too late for Edwards to file another fee application. Although 42 U.S.C. § 406(b) imposes no deadline on fee applications, there is persuasive authority that § 406(b) applications are subject to FED. R. CIV. P. 54(d)(2)(B), which provides in pertinent part, "Unless a statute or a court order provides otherwise, the motion must: (i) be filed no later than 14 days after the entry of judgment." *See Bentley v. SSA*, 524 F. Supp.2d 921, 922 (W.D. Mich. 2007) (Bell, C.J.) (holding that § 406(b) motion was untimely under FED. R. CIV. P. 54(d)(2)(B) because filed more than 14 days after entry of judgment) (following *Bergen v. Barnhart*, 454 F.3d 1273, 1277 (11th Cir. 2006) and *Pierce v. Barnhart*, 440 F.3d 657 (5th Cir. 2006)).

District courts in the Second and Fourth Circuits have also subjected § 406(b) fee motions to R. 54's 14-day deadline. *See Garland v. Astrue*, 492 F. Supp.2d 216, 219 (E.D.N.Y. 2007) (citing *Pierce*, 440 F.3d at 663-64); *Marcum v. Astrue*, 2008 WL 4831776, *2 (D.S.C. Oct. 28, 2008).

Our local rule corresponding to FED. R. CIV. P. 54 addresses only bills of costs, not applications for attorney fees. *See* W.D. MICH. LCIVR 54, Bill of Costs.

If the plaintiff files a renewed motion for non-EAJA attorney fees, the defendant **SHALL FILE** a written concurrence or an opposition brief within the time provided by the Local Civil Rule governing non-dispositive motions.

This is <u>not</u> a final, appealable order.

**IT IS SO ORDERED this 12th day of February 2009.**

                                        /s/ Paul L. Maloney
                                        HONORABLE PAUL L. MALONEY
                                        CHIEF UNITED STATES DISTRICT JUDGE